[Decided July 14, 1888.]

## A. L. DAVIS & SON *v.* A. OLDAKERS AND SABRA E. OLDAKERS.

F RAUDULENT C ONVEYANCE—P LEADINGS—R EPLY—P RACTICE—The answer to a complaint to set aside a deed and subject the property to a judgment alleged that the property really belonged to defendant's wife, though transferred to her by him at a later date than the judgment, and that plaintiff's claim was secured by chattel mortgage, and that such security was taken in satisfaction of the debt. The reply denied these facts: *Held*, that pleadings presented triable issues of fact, and that it was improper to sustain a demurrer to the reply and dismiss the action.

A PPEAL from the District Court holding terms at Walla Walla. First District.

The plaintiffs, in April, 1886, had recovered judgment against defendant A. Oldakers upon several promissory notes, upon which judgment an execution issued and was returned wholly unsatisfied. The plaintiffs then brought this action to set aside a deed alleged to have been made by said defendant to his wife Sabra E. Oldakers, embracing certain lands, which deed was alleged to have been executed without consideration, with intent to defraud plaintiffs, and that the grantee with like intent accepted the same. The complaint also alleged insolvency of both parties, except as to this property. The answer admitted execution of notes, rendition of judgment, and the return of the unsatisfied execution, and denied fraud and all other allegations in the complaint. As a separate defense, it was further alleged that the property was bought with the separate money of the wife, and that by inadvertence the deed was so made as to convey the legal title to the husband without the knowledge or intent of the wife. That one day before the execution of the notes, the husband conveyed the property to the wife, according to the original intent, of all which, and at all times, plaintiffs had full notice and knowledge. For a second defense, defendants alleged that on August 21, 1885, plaintiffs sold to one of the defendants certain personal property, for which the same notes were given upon which plaintiffs' judg-

38

ment was afterward rendered. That payment of the notes was secured by mortgage upon the property sold; that the property, after being stored and insured for $1,800, was destroyed by fire; and that thereupon the defendant Oldakers assigned the policy of insurance to plaintiffs, who accepted the same in full payment of his notes; and that the defendant, at the date of making the alleged fraudulent deed to his wife, had other property to the value of $500 subject to execution. The plaintiffs, in their reply, denied most of the material allegations in the affirmative defenses of the defendants' answer, and also pleaded former adjudication to the second affirmative defense. The defendants demurred to plaintiffs' reply; which demurrer was sustained, and final judgment rendered against the plaintiffs upon the pleadings, from which they appealed.

*Mr. J. B. Allen,* and *Mr. D. J. Crowley,* for the Appellant.

*Mr. J. H. Lasater,* for the Appellee.

Mr. Justice ALLYN delivered the opinion of the court.

This is an action to set aside a sale and deed, and subject certain property to a judgment of plaintiffs, heretofore obtained against A. Oldakers. Defendants answered that the property was really the property of Sabra Oldakers, the wife, although transferred to her by Oldakers at a later date; that appellants secured their claim by a chattel mortgage (the security afterwards being lost), and set up the defense that such security was taken in full satisfaction of the debt originally due appellants. A reply was filed putting in issue the above facts. To this a demurrer was filed by defendants, and sustained by the court below, and the action was dismissed.

It is sufficient to say that certain issues were squarely presented in the complaint, answer, and reply, and the action should not have been dismissed. The action of the court below is reversed, and the cause remanded for a trial on the issues thus joined.

JONES, C. J., and NASH, J., concurred.